UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHNNY SWANSON, III,

Plaintiff,

v.

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF JUSTICE, and
BUREAU OF PRISONS,

Defendants.

CIVIL NO. 01-36 (RHK/JMM)

ORDER

The above matter is before the undersigned upon Plaintiff's Motion to Stay Proceedings and Transfer Case to Northern District of Alabama [Docket No. 32]. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Stay Proceedings and Transfer Case to Northern District of Alabama [Docket No. 32] is denied.

Dated: April 3, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

Plaintiff began this case by filing a Complaint in the United States District Court for the Northern District of Alabama. [Docket No. 1]. Defendants moved to have the case transferred to the District of Minnesota pursuant to 28 U.S.C. §1404(a). [Docket No. 18]. Defendants' Motion was granted, and the case was transferred to this Court.

FILED APR 0 3 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

[Docket No. 26]. Plaintiff states that he has appealed to the Eleventh Circuit to reverse the Order granting the transfer, and now seeks an Order from this Court transferring the case back to the Northern District of Alabama.

Plaintiff's Complaint is based on events that occurred at the Federal Medical Center at Rochester, Minnesota ("FMC-Rochester") while he was an inmate there. Plaintiff requests that the case be transferred to the Northern District of Alabama because he has medical problems which will make travel from his current home in Birmingham, Alabama to Minnesota problematic.

Title 28 U.S.C. §1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"Transfer under §1404(a) should not be freely granted. . . . Rather, the party seeking to transfer bears a heavy burden of showing that the balance of factors strongly favors the movant." Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996)(citations and internal quotations omitted). A transfer under §1404(a) should not be granted simply to shift inconvenience from one party to another. Radisson Hotels, 931 F. Supp. at 641.

Plaintiff has not met the heavy burden he bears on a §1404(a) motion. The acts complained of occurred in Minnesota, and it appears that most witnesses are located here. A federal court in Alabama has already determined that the convenience of the parties and witnesses, as well as the interest of justice, dictate that this case not be heard in the Northern District of Alabama. See Docket No. 26. See also Mizokami Bros. of

Arizona, Inc. v. Mobay Chemical Corp., 660 F.2d 712, 716 (8th Cir. 1981)(holding, in context of *forum non conveniens* dismissal, that issue preclusion applies where convenience of a particular forum has been fully litigated and finally determined). The fact that a Minnesota forum may be less convenient for Plaintiff is insufficient to justify a transfer pursuant to §1404(a).

Plaintiff also seeks an Order staying all proceedings in this case while his appeal of the Order transferring the case from Alabama is pending. The Court has the inherent power to stay proceedings in an action so as to control our docket, conserve judicial resources, and provide for the just determination of cases pending before it. Kemp v. Tyson Seafood Group, Inc., 19 F. Supp.2d 961, 964-65 (D. Minn. 1998)(citations omitted). A stay would not advance these considerations in this case.

J.M.M.