UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHNNY SWANSON, III,

Plaintiff,

v.

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF JUSTICE, and
BUREAU OF PRISONS,

Defendants.

CIVIL NO. 01-36 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned upon Defendants' Motion to Drop Parties [Docket No. 13] and Defendants' Motion to Dismiss U.S. Attorney [Docket No. 24]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendants' Motion to Drop Parties [Docket No. 13] be denied, and Defendants' Motion to Dismiss U.S. Attorney [Docket No. 24] be granted.

**FINDINGS OF FACT/REPORT**

Defendants seek an Order, pursuant to Fed. R. Civ. P. 21, dropping "the United States Department of Justice, the Federal Bureau of Prisons, any individuals named as 'defendants' in the body of the Complaint, and all fictitious parties" as parties to this action. Defendants argue that the only appropriate Defendant in this suit is the United States of America, because Plaintiff's claims are brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 *et seq.*

FILED APR 0 3 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

## I. BACKGROUND

In the introduction to his Complaint, Plaintiff invokes the jurisdiction of the FTCA. He names three Defendants: the United States, the Department of Justice, and the Bureau of Prisons. These are the only Defendants that have been served with the Complaint. Plaintiff alleges that the United States is responsible for the conduct of certain individuals named in the Complaint under the FTCA. Complaint §I, ¶ 4.[1] Plaintiff alleges that Defendants failed to provide him with proper medical care, failed to provide suitable living conditions at FMC-Rochester, and failed to protect Plaintiff from other inmates. Complaint §IV, ¶¶ 2, 3, 4. The Complaint identifies each of these claims as alleging a violation of the Eighth Amendment, in addition to claims of negligent, reckless, and/or intentional misconduct.

## II. DISCUSSION

Fed. R. Civ. P. 21 provides:

> **Misjoinder and Non-Joinder of Parties**: Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

"The scope of application of Rule 21 is extremely broad and covers any civil action in the federal courts." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1682 (3d ed. 2001).

---

[1] None of the individual persons identified in the Complaint have been named as defendants or served with the Complaint. Defendants' Motion should be denied with respect to these individuals who are not parties, without prejudice to their ability to bring similar motions should Plaintiff seek to make them parties at a later date.

Defendants summarily assert that the Department of Justice and the Bureau of Prisons should be "dropped" as defendants under Rule 21 because the FTCA provides, at 28 U.S.C. §2679(a):

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

The types of claims cognizable under 28 U.S.C. §1346(b), for which the FTCA remedies are exclusive, are those "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Claims of constitutional violations do not fall within the ambit of §1346(b). Washington v. Drug Enforcement Administration, 183 F.3d 868, 873 (8th Cir. 1999)(citations omitted). Where a claimant is alleging constitutional violations, "there is no comparable situation . . . where a private individual could be held liable under state law." Washington, 183 F.3d at 873. Because there is no private analog to a federal constitutional violation, there are no analogous circumstances under which a private person would be liable in accordance with the law of the place where the act occurred. Washington, 183 F.3d at 873. Therefore, alleged constitutional violations are not claims cognizable under §1346(b), and do not fall within the exclusivity provision of §2679(a).

Courts generally hold *pro se* plaintiffs to a less stringent standard than lawyers in drafting pleadings. Cruz v. Cardwell, 486 F.2d 550, 552 (8th Cir. 1973). It is clear from the Complaint that Plaintiff intends to allege not only tortious acts, but violations

of his constitutional rights. In light of the Eighth Amendment violations alleged in the Complaint, the Department of Justice and the Bureau of Prisons should not be dropped as Defendants from this action.

It is important to note that the Court is faced with a Motion to Drop Parties pursuant to Rule 21, as opposed to a Motion to Dismiss pursuant to Rule 12. The only issue before the Court is whether the Department of Justice and the Bureau of Prisons are improperly joined as defendants based on the exclusivity provision (§2679(a)) of the FTCA. In recommending that those Defendants not be dropped, we express no opinion as to whether or not Plaintiff has adequately stated a claim upon which relief can be granted against either of those Defendants.

Defendants also move to dismiss the U.S. Attorney as a party to this action. Plaintiff does not oppose this Motion, stating that the U.S. Attorney was served with a copy of the Summons and Complaint solely to effect service on the United States as a sovereign entity. Therefore, we recommend that the Motion to Dismiss U.S. Attorney [Docket No. 24] be granted.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendants' Motion to Drop Parties [Docket No. 13] be denied, and Defendants' Motion to Dismiss U.S. Attorney [Docket No. 24] be granted.

Dated:April 3, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **April 18, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.